UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HECTOR VALERO,

    Plaintiff,

v.                                      Case No.:  8:20-cv-3005-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff Hector Valero seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.   Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income benefits on November 28, 2018, alleging disability beginning May 1, 2017. (Tr. 98, 99, 221-24). The applications were denied initially on May 7, 2019, and upon reconsideration on July 3, 2019. (Tr. 98, 99, 132, 133). Plaintiff requested a hearing and on April 2, 2020, a hearing was held before Administrative Law Judge Shirley Ann Marzan ("ALJ"). (Tr. 33-65). On August 3, 2020, the ALJ entered a decision finding Plaintiff not under a disability from May 1, 2017, through the date of the decision. (Tr. 15-25).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on November 16, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 17, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 17).

### D.   Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 18). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2017, the alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative joint

disease status post bilateral hip replacement; degenerative disc disease; migraine headaches; and status post cerebral aneurysm with subarachnoid hemorrhage." (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a), including the ability to lift and/or carry ten pounds occasionally and up to ten pounds frequently. He is able to sit six hours in an eight-hour workday; and stand and/or walk four hours during an eight-hour workday. He can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; frequently balance; but never climb ladders, ropes, or scaffolds. He can never work at unprotected heights or around moving mechanical parts. He must avoid concentrated exposure to extreme cold, extreme heat, humidity, or working in or around vibration. Finally, he must avoid hazards in the workplace such as heavy, moving machinery.

(Tr. 19).

The ALJ found Plaintiff unable to perform any past relevant work as a construction worker and horticultural worker. (Tr. 23). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (41 on the alleged onset date), education (limited education), work experience, and RFC,

there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 23-24). Specifically, the ALJ found that Plaintiff could perform such occupations as:

    (1)  order clerk, DOT 209.567-014,[1] sedentary, unskilled, SVP 2

    (2)  charge account clerk, DOT 205.367-014, sedentary, unskilled SVP 2

    (3)  document preparer, DOT 249.587-018, sedentary, unskilled, SVP 2

(Tr. 24). The ALJ concluded that Plaintiff had not been under a disability from May 1, 2017, through the date of the decision. (Tr. 24).

## II.    Analysis

On appeal, Plaintiff raises a single issue: (1) whether the Commissioner adequately developed the record with regard to Plaintiff's impairments. (Doc. 20, p. 5). Plaintiff argues the ALJ erred in failing to order a consultative examination regarding Plaintiff's psychological difficulties. (Doc. 20, p. 6). The Commissioner argues Plaintiff failed to show that the record contains evidentiary gaps that resulted in unfairness or prejudice so that a consultative mental examination was required. (Doc. 21, p. 5).

A plaintiff bears the burden of proving she is disabled and is responsible "for producing evidence in support of h[er] claim." *Ellison v. Barnhart*, 355 F.3d 1272,

---

[1] "DOT" refers to the Dictionary of Occupational Titles.

1275 (11th Cir. 2003). Even so, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record." *Id. See* 20 C.F.R. §404.1545(a)(3) ("However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources."). To remand a case because of an ALJ's failure to fully develop the record, the claimant must show that her right to due process has been violated to such an extent that the record contains evidentiary gaps, which resulted in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018). After review of the decision and given the medical records and other records before the ALJ, the ALJ did not err by failing to order a consultative mental examination.

At the hearing, Plaintiff raised the issue of a psychological evaluation. (Tr. 63). The ALJ responded that she would like to order a consultative mental examination, but it may be delayed due the COVID-19 pandemic. (Tr. 63). At the close of the hearing, the ALJ stated that she would "go ahead and get that ordered," referring to a consultative mental examination. (Tr. 64). However, when she issued her decision, she determined:

> Finally, during the hearing, the claimant's representative suggested that the claimant undergo a psychological consultative evaluation. The record shows recurrent treatment for his physical impairments with these physical treatment

>records containing no objective findings reflective of any psychological limitations, regularly noting that the claimant displayed normal mood/affect, was cooperative, and answered all questions appropriately. The undersigned specifically notes that the most recent treatment note in evidence, a January 2020 primary care examination, while noting a diagnosis of depression based on the claimant's subjective complaints, again contains no objective findings indicating any mental health limitations (Ex. 18F). Therefore, based on the claimant's lack of seeking any treatment from a mental health professional combined with numerous examination records that each reflect no findings reflective of mental impairment, the undersigned finds that a psychological consultative examination is not needed to render a proper disability decision in the current case.

(Tr. 15).

Here, the ALJ had sufficient facts to render a decision. Plaintiff posits that based on the ALJ finding Plaintiff had "vascular insult to the brain," "it is certainly reasonable that such insult could result in both memory loss and headaches." (Doc. 20, p. 9; Tr. 23). Plaintiff then assumes that a consultative mental examination will show that Plaintiff should be limited to "simple, routine tasks" which would change the hypothetical to the vocational expert and change the outcome of the decision. (Doc. 20, p. 9). Plaintiff then claims with these additional limitations, Plaintiff would be unable to perform the jobs listed in the decision because these jobs require a reasoning level of 3, which conflicts with a limitation to simple, routine tasks. (Doc. 20, p. 9-10). Plaintiff does not, however, cite medical evidence in the record that supports the proposition that there are evidentiary gaps in the record which result in unfairness or prejudice.

As the Commissioner argues, the ALJ thoroughly summarized the medical records and these records do not show that Plaintiff's mental condition caused work-related limitations. (Doc. 21, p. 6; Tr. 18-23). At the outset of the decision, the ALJ explained that the medical records show recurrent treatment for physical impairments, but no objective findings reflective of any psychological limitations. (Tr. 15). The ALJ found the records generally show normal findings. (Tr. 15). The ALJ also noted that Plaintiff's January 2020 primary care examination noted a diagnosis of depression based on Plaintiff's subjective complaints, but it contained no objective findings showing any mental health limitations. (Tr. 15, 1003-1009). Finally, the ALJ noted that Plaintiff had sought no treatment from any mental health professionals and numerous examination records reflect no findings of a mental impairment. (Tr. 15).

The Court finds no evidentiary gaps in the record related to Plaintiff's mental health, which resulted in unfairness or clear prejudice. Plaintiff does not contest the ALJ's determination that Plaintiff's medical records show generally unremarkable findings, including that he was alert, cooperative, oriented, with an appropriate mood and affect, as well as a normal judgment. (*See, e.g.*, Tr. 400, 422, 452, 470, 498, 528, 533, 850, 860, 953-54, 957, 966, 1004). Nor does Plaintiff contest that he did not obtain mental health treatment during the relevant time period. Plaintiff merely speculates that a consultative mental examination might produce evidence to support

his claim, but speculation alone is not sufficient. After consideration of the records as a whole, the Court finds substantial evidence supports the ALJ's decision and the ALJ did not err by failing to order a consultative mental examination.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 10, 2021.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties